Earl E. **BALL**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21963.

United States Court of Appeals District of Columbia Circuit.

Memorandum filed June 26, 1968.

Amended Order filed July 12, 1968.

Mrs. Barbara Allen Bowman, Washington, D. C., was on the brief for appellant.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief for appellee.

Before EDGERTON, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

## MEMORANDUM

### PER CURIAM.

Appellant is awaiting trial on charges of rape, robbery, and sodomy. The District Court, concluding that no other conditions of release available under 18 U.S.C. § 3146(a) (Supp. III 1965–1967) would reasonably assure appellant's appearance for trial or as otherwise required, set $5,000 bond. Unable to raise this bond, appellant remains incarcerated.

We recognize that the permissible penalties for the crimes with which appellant is charged are serious, and we agree with the District Court that more than minimal conditions of release are necessary to reasonably assure appellant's appearance. But we do not think that the District Court's conclusion that $5,000 bond is the only condition which will reasonably assure appellant's presence "is supported by the proceedings below." 18 U.S.C. § 3147(b) (Supp. III 1965–1967).

Appellant's lack of prior felony convictions and his ties to the District indicate that it may be possible to provide adequate supervision to reasonably assure his appearance through nonfinancial conditions of release. Therefore, counsel for appellant is requested to submit to this court a proposed order incorporating in workable manner the following conditions, as far as practicable: the conditions suggested in appellant's brief; a plan limited to daytime release until appellant obtains employment; a plan for depositing a portion of appellant's subsequent earnings in the Registry of the District Court as security for his appearance; a procedure by which Mr. Douglas Lindsey may keep the District Court informed of appellant's conduct and compliance with the conditions of release on a continuing basis without involving Mr. Lindsey in undue paperwork; a procedure for appellant's employer to inform the District Court if appellant does not appear for work or if the employment is terminated; a plan for appellant, with the assistance of counsel, to report to the District Court periodically concerning his compliance with the conditions of release, also informing the U. S. Attorney; provision that the District Court shall be informed of any conduct of appellant adversely affecting his eligibility for release on such conditions.

Senior Circuit Judge EDGERTON did not participate in the above memorandum.

## AMENDED ORDER

It is Ordered by the Court, *sua sponte*, that the order filed herein on July 9,

1968, releasing appellant on personal recognizance is vacated and set aside, and in lieu thereof the following order is substituted:

## ORDER

PER CURIAM.

On consideration of the appeal from an order in the District Court setting a Five Thousand Dollar ($5,000.00) cash bond as the only condition for release in Criminal No. 68–68, it appearing that appellant has been in custody since December 5, 1967, it is hereby

Ordered by the court that appellant shall be released on his personal recognizance on the following conditions:

1. Initially, he shall be released from the jail from 9 to 5 to report to the offices of the Offender Rehabilitation Project, 711 - 14th Street, N.W., Room 810, to obtain aid in seeking employment, and to make and keep job interviews. On each subsequent day he shall be released from jail only between the hours of 9 to 5, until his attorney notifies the Chief Judge of the District Court that he has in fact obtained regular employment.

Upon the representation of counsel that appellant Ball has obtained regular employment, he shall be released from jail on a full-time basis on the following conditions:

(1) He shall appear in the District Court when required to do so and not depart the jurisdiction of the District Court without leave of court.

(2) He shall reside with his family at 3339 - 17th Street, N.W., Washington, D. C., and notify the Court of any change of address.

(3) He shall be a party to the following arrangements among him, Mr. Douglas Lindsey, Roving Leader, Department of Recreation, and the court:

(a) He shall report once a week to Mr. Douglas Lindsey, 3149 - 16th Street, N.W.

(b) Mr. Lindsey will check regularly by phone call or visit on defendant-appellant's employer to assure that he is maintaining his employment satisfactorily.

(c) Mr. Lindsey shall report any failure of appellant to report regularly to him, any failure to maintain employment, and any arrests of appellant of which he learns, to Mr. William Collins, Assistant United States Attorney, ST 3–5700, to Barbara A. Bowman, counsel for appellant, ST 3–5700, Extension 391, and to the Criminal Clerk's Office of the United States District Court, ST 3–5700, Extension 521.

(4) Every pay-period, defendant-appellant shall deposit with his counsel 10% of his net earnings, until this sum reaches $250.00. At that time defendant-appellant, with the aid of his counsel, shall deposit this sum in the Registry of the Court as security for his appearance, to be returned in full when appellant appears for trial, to be forfeited in whole or part, as directed by the trial court, should he fail to appear.

(5) Appellant shall, with his counsel, make a monthly appearance in Assignment Court, at a time to be arranged by his counsel with the Assistant United States Attorney, and counsel shall, after consultation with Mr. Lindsey, Offender Rehabilitation Project, and appellant, represent to the court that appellant is maintaining the conditions of his release as set forth herein. The aforesaid personal recognizance shall be executed in the United States District Court for the District of Columbia.

I have read the conditions of release as stated above and agree to comply, with the understanding that a failure to do so may result in my being arrested. I understand that a violation of these conditions will subject me to the contempt powers of this court and that I may receive a $500.00 fine, six months in jail, or both, and that the penalties for failure to appear at trial are five years imprisonment, $5,000.00, or both.

Earl E. Ball, Jr.

Senior Circuit Judge EDGERTON did not participate in the foregoing order.